# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

      Plaintiff,

v.                                                         No. CV 09-0910 MCA/GBW

JOE R. WILLIAMS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated and appears pro se. He paid the filing fee and has not sought leave to proceed under 28 U.S.C. § 1915. For the reasons below, Plaintiff's complaint will be dismissed.

Under § 1915A(a), (b),

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.

The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing

Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's term of imprisonment has expired. Nonetheless, Defendant allegedly has continued to hold Plaintiff in custody. Plaintiff contends that his incarceration is illegal, and he seeks damages.

Plaintiff's claim for damages based on illegal confinement beyond his term of imprisonment is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. In other words, Plaintiff may not litigate the legality of his confinement in a § 1983 action. *Cf. Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999) (rejecting claims based on Plaintiff's denial of "the charges against him, which he may not do in a § 1983 claim.").

> [T]he rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); . . . *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying *Heck* to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges). Because [Plaintiff] would need to prove that his detention was unlawful in order to receive an award of damages for that detention, the district court correctly concluded that *Heck* applied to bar [his] action.

*Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009).

Plaintiff does not allege that his term of imprisonment has been reduced or terminated, *see Heck,* at 487, and thus his allegations fail to state a claim cognizable under § 1983. "[Plaintiff's] sentence has [not] been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages [for a] sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (footnote omitted); *cf. Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *and see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss the complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE